## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH CAROL KUTER, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:20cv1980 |
| | § | |
| PEDIATRICIANS OF DALLAS, P.A., | § | |
|     Defendant. | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Elizabeth Carol Kuter, Plaintiff, and files this complaint against

Pediatricians of Dallas, P.A. (hereinafter "Defendant" and "PODS"), and would respectfully show

the Court as follows:

### I.  PARTIES

1.      Plaintiff is an individual residing in Dallas County, Texas.

2.      Defendant Pediatricians of Dallas, P.A. is a professional association doing business in Texas

and may be served by serving its registered agent Joe Bert Neely, 8325 Walnut Lane, Suite 225,

Dallas, Texas 75231.

### II. JURISDICTION

3.      Jurisdiction is founded on federal question, specifically 29 U.S.C. § 623, *et seq.* (Age

Discrimination in Employment Act of 1967, "ADEA"), as amended; and 42 U.S.C.A. § 2000e, *et*

*seq*. (Unlawful Employment Practices), as amended.

4.      All prerequisites to filing suit have been met.

## III. FACTS

5.      Plaintiff was employed for over nineteen (19) years by Pediatricians of Dallas, P.A. at their offices located in Dallas, Texas beginning on or about July 19, 1999.   At the time of her discharge on or about July 25, 2018, she was employed as Office Manager, a position she held following her promotion from billing office manager in 2002.  She was supervised by Dr. Jim Watkins, Dr. Matt Yaeger, Dr. Joe Neely, and Dr. Somer Curtis, the co-owners of Defendant.

6.      On July 25, 2018, Dr. Matt Yaeger (vice-president, co-owner) texted Plaintiff for a short meeting.  When she arrived, Dr. Jim Watkins (president, co-owner) was also present.

7.      Dr. Yaeger began the meeting telling Plaintiff they (the co-owners) originally were considering suspending her but decided it would be best if they separated employment.  Plaintiff asked him to elaborate and he refused to do so.  Dr. Watkins just shook his head.

8.      Plaintiff told them she had five weeks of unpaid leave.  Dr. Watkins said they knew and she would receive it.

9.      Dr. Watkins asked for her keys, elevator key, and company credit card.  Plaintiff provided them with the requested items.  Dr. Yaeger wished her luck.

10.      Neither Dr. Watkins nor Dr. Yaeger gave Plaintiff any reason for her discharge or for contemplating her suspension.

11.      Prior to this, Plaintiff never had any verbal or written discipline.

12.      Plaintiff was replaced by Toni Grant (approximately 32 years old, black) who was hired on or about as July 2, 2018 as Human Resources Manager.  Ms. Grant had little experience as an office manager. In fact, Plaintiff was training Ms. Grant as human resources manager when Plaintiff was discharged.

13.     At the time of her discharge, Plaintiff was earning approximately $93,000.00 per year plus benefits.

14.     Plaintiff contends that Defendant violated 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended; and 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

## COUNT I

## Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended

15.     Plaintiff incorporates the factual allegations contained in paragraphs 5-14 herein as if set out verbatim.

16.     Plaintiff was discharged in violation of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended, protecting Plaintiff from discrimination on the basis of age.

17.     Plaintiff was 51 years of age at the time of her removal as Office Manager for Pediatricians of Dallas, P.A.

18.     Plaintiff was well qualified for the position of Office Manager for Pediatricians of Dallas, P.A. based upon her education, training, and sixteen (16) years of experience as Office Manager for Pediatricians of Dallas, P.A.

19.     Any reason Defendant may offer for discharging Plaintiff as Office Manager for Pediatricians of Dallas P.A. is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of deficiencies of any kind during her nineteen (19) years of employment with Defendant.

20.     Plaintiff claims all relief, legal and equitable that effectuate her rights under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

21.     Plaintiff requests reasonable attorney's fees as permitted under 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended.

22.     On or about March 28, 2010, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. On June 23, 2020, Plaintiff received the Notice of Right to Sue from the U.S. Department of Justice Civil Rights Division, which was dated June 23, 2020.

23.     In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## COUNT II

### Violations of  42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended

24.     Plaintiff incorporates the factual allegations contained in paragraphs 5-14 herein as if set out verbatim.

25.     Plaintiff would show Defendant's conduct as set forth above constitutes a violation of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended, protecting Plaintiff (white) from discrimination in the workplace.

26.     Plaintiff was well qualified for the position of Office Manager for Pediatricians of Dallas, P.A. based upon her education, training, and sixteen (16) years of experience as an employee of Pediatricians of Dallas, P.A.

27.     Any reason Defendant may offer for discharging Plaintiff as Office Manager for Pediatricians of Dallas P.A. is purely pretextual, as Plaintiff never received a negative performance review and was never given notice of deficiencies of any kind during her nineteen (19) years of employment with Defendant.

28.     Plaintiff claims all relief, legal and equitable that effectuate her rights under 42 U.S.C.A. §

2000e, *et seq*. (Unlawful Employment Practices), as amended.

29.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. § 2000e, *et seq*.

(Unlawful Employment Practices), as amended.

30.     On or about March 28, 2019, Plaintiff filed a written complaint with the U.S. Equal

Employment Opportunity Commission. On June 23, 2020, Plaintiff received the Notice of Right to

Sue from the U.S. Department of Justice Civil Rights Division, which was dated June 23, 2020.

## V. DAMAGES

31.     Plaintiff would show that she has sustained damages within the jurisdictional limits of the

Court as a proximate cause of Defendant's wrongful conduct.  Plaintiff claims all relief at law and in

equity pursuant to 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967,

"ADEA"), as amended; and 42 U.S.C.A. § 2000e, *et seq*. (Unlawful Employment Practices), as

amended.

## VI. ATTORNEY'S FEES

32.     Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, she

is entitled to reasonable and necessary attorney's fees.

## VII. JURY DEMAND

33.     Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing

hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the

jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by

law; reinstatement; liquidated damages; punitive damages; mental anguish; reasonable attorney's

fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or

in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com

 /s/ Ronald R. Huff
Ronald R. Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**