IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ELIZABETH CAROL KUTER,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:20-CV-01980 |
| **PEDIATRICIANS OF DALLAS, P.A.,** | § § § | |
| Defendant. | § | |

### DEFENDANT PEDIATRICIANS OF DALLAS, P.A.'S ANSWER

NOW COMES Defendant Pediatricians of Dallas, P.A. ("Defendant") and files this Answer to Plaintiff's Complaint ("Complaint") and for such answer would show the Court the following:

### I. PARTIES[1]

1. Defendant admits that Plaintiff is an individual. Defendant lacks sufficient information to admit or deny that Plaintiff resides in Dallas County, Texas and, accordingly, denies the same.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

### II. JURISDICTION

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required.

4. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 4 of the Complaint and, accordingly, denies the same.

---

[1] For ease of reference, Defendant has adopted the headings of the Complaint.

### III.   FACTS

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits that Dr. Yaeger informed Plaintiff that Defendant was separating her employment. Defendant denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits that neither Dr. Watkins nor Dr. Yaeger provided the reason for Plaintiff's termination at that time. Defendant denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant admits that Toni Grant was hired on July 2, 2018 as Human Resources Manager. Defendant admits that Toni Grant was 32 years old at the time she was hired. Defendant admits that Toni Grant is black. The phrase "little experience" is vague and ambiguous and Defendant is unable to form a belief as to the truth or falsity of the allegation to which it applies and, accordingly, denies the same. Defendant denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## IV.  FEDERAL CLAIMS FOR RELIEF AND DAMAGES

## COUNT I

**Violations of 29 U.S.C. § 623, *et seq.* (Age Discrimination in Employment Act of 1967, "ADEA"), as amended**

15. Defendant incorporates its preceding responses to the allegations contained in Paragraphs 5-14 of Plaintiff's Complaint as if set forth fully herein.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits the allegations contained in Paragraph 17 of the Complaint.

18. The phrase "well qualified" is vague and ambiguous, and Defendant is unable to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint and, accordingly, denies the same.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Paragraph 20 contains a request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any requested relief.

21. Paragraph 21 contains Plaintiff's request for attorney's fees to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to recover her attorney's fees in this action.

22. Defendant denies that Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission on March 28, 2010. Defendant lacks sufficient knowledge or information to admit or deny that, on June 23, 2020, Plaintiff received a Notice of Right to Sue from the U.S. Department of Justice Civil Rights Division dated June 23, 2020, and, accordingly, denies the same.

23. Paragraph 23 states Plaintiff's intent to plead Count II in the alternative to Count I to which no response is required.

## COUNT II

**Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**

24. Defendant incorporates its preceding responses to the allegations contained in Paragraphs 5-14 of Plaintiff's Complaint as if set forth fully herein.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. The phrase "well qualified" is vague and ambiguous, and Defendant is unable to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint and, accordingly, denies the same.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Paragraph 28 contains a request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any requested relief.

29. Paragraph 29 contains Plaintiff's request for attorney's fees to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to recover her attorney's fees in this action.

30. Defendant admits that, on March 28, 2019, Plaintiff filed a written complaint with the U.S. Equal Employment Opportunity Commission. Plaintiff received a Notice of Right to Sue from the U.S. Department of Justice Civil Rights Division dated June 23, 2020, and, accordingly, denies the same.

### V.   DAMAGES

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## VI.   ATTORNEY'S FEES

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

## VII.   JURY DEMAND

33. Paragraph 33 of the Complaint contains Plaintiffs' demand for a jury trial to which no response is required.

## **DEFENSES**

Defendant sets forth the following defenses:

1. To the extent Plaintiff has failed to mitigate her damages, if any, Plaintiff's failure to mitigate bars or limits her recovery.

2. To the extent that they exceed the scope and investigation of Plaintiff's underlying charge of discrimination, Plaintiff's claims and allegations are barred.

3. Plaintiff's claims are barred, in whole or in part, because Defendant's actions with respect to Plaintiff were at all times in compliance with Title VII, the Age Discrimination in Employment Act, and all other applicable laws.

4. Plaintiff's claims are barred, in whole or in part, because all employment actions taken by Defendant were based on legitimate, non-discriminatory business reasons pursuant to neutral employment policies unconnected to Plaintiff's age or race.

5. Plaintiff's claims are barred, in whole or in part, because Defendant undertook good faith efforts to prevent and remedy any alleged discrimination and that Plaintiff unreasonably failed to avail himself of Defendant's internal procedures for remedying any such purported discrimination.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff's employment was terminable at-will.

7. Plaintiff is not entitled to punitive damages because Defendant exercised good faith in its efforts to comply with the Age Discrimination in Employment Act and Title VII and thus cannot be liable for punitive damages based upon conduct or employment decisions of any managerial employee that were contrary to Defendant's good faith efforts to comply with the law. Defendant specifically denies that any such conduct or employment decision occurred or caused damage to Plaintiff.

8. Defendant cannot be liable for punitive damages because it has not engaged in any discriminatory practices with malice or with reckless indifference to Plaintiff's rights and has not engaged in unlawful discrimination.

9. Plaintiff's claims for punitive damages are barred to the extent that the imposition of punitive damages would constitute a denial of due process under the United States Constitution.

10. Any and all damages claimed by Plaintiff are subject to all statutory exclusions, caps, and limitations.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff's own acts or omissions caused or contributed to Plaintiff's alleged damages.

12. If Plaintiff is entitled to an award of damages and/or other relief, which Defendant expressly denies, such damages and/or relief may be limited by the after-acquired evidence doctrine.

13. Defendant reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceeding in this action.

WHEREFORE, having answered, Defendant Pediatricians of Dallas, P.A. prays that judgment be entered in its favor and for its costs, including reasonable attorneys' fees.

Respectfully submitted,

GRAY REED & McGRAW LLP

By: */s/ Jake A. Lewis*
    JAKE A. LEWIS
    State Bar No. 24087924
    jlewis@grayreed.com

    1601 Elm Street, Suite 4600
    Dallas, Texas 75201
    Telephone:   214.954.4135
    Facsimile:   214.953.1332

**ATTORNEY FOR DEFENDANT PEDIATRICIANS OF DALLAS, P.A.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 24, 2020, a true and correct copy of the foregoing document was served upon Plaintiffs' counsel of record via the Court's ECF system as follows:

Ronald R. Huff
112 South Crockett Street
Sherman, TX 75090
ronhuff@gcecisp.com

    */s/ Jake A. Lewis*
    Jake A. Lewis