IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ELIZABETH CAROL KUTER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:20-CV-01980 |
| § | |
| PEDIATRICIANS OF DALLAS, P.A., § | |
| § | |
| Defendant. § | |

## DEFENDANT PEDIATRICIANS OF DALLAS, P.A.'S
## MOTION TO COMPEL DISCOVERY

Defendant Pediatricians of Dallas, P.A. ("Defendant") files this Motion to Compel Discovery against Plaintiff Elizabeth Carol Kuter ("Plaintiff") and would show the Court as follows:

### I. BACKGROUND

Plaintiff filed her Complaint in this case on July 27, 2020, asserting claims for age and race discrimination against Defendant, her former employer. In September 2020, Defendant and Plaintiff each served their Initial Discovery Statements, in compliance with the Court's Initial Discovery Order for Employment Cases.

Thereafter, on November 6, 2020, Defendant served its *First Request for Production* and *First Set of Interrogatories* (collectively, "Defendant's Discovery Requests") on Plaintiff. Plaintiff timely served her responses and objections to Defendant's Discovery Requests on December 7, 2020. Attached hereto as Exhibits A and B, respectively, are true and correct copies of *Plaintiff's Responses and Objections to Defendant's Request for Production* and *Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories* (collectively, "Plaintiff's Responses").

Plaintiff improperly objected to Request for Production Nos. 1-5, 10, 14, 17, and 23-27, and improperly objected and/or improperly responded to Interrogatory Nos. 2, 4-6, and 8. *See* Ex. A Nos. 1-5, 10, 14, 17, and 23-27; Ex. B ¶¶ 2, 4-6, and 8. Because Plaintiff's objections to these requests are meritless, the Court should overrule these objections and order Plaintiff to fully respond to the Defendant's Discovery Requests.

On December 18, 2020, the parties conferred regarding Plaintiff's deficient responses to Defendant's Discovery Requests. Plaintiff agreed to supplement Plaintiff's Responses to Defendant's Discovery Requests and produce additional responsive documents by January 15, 2021. As of the date of this motion, Plaintiff has not supplemented Plaintiff's Responses or produced additional responsive documents. Accordingly, Defendant files this motion to compel.

## II. ARGUMENT

**A.   Applicable Law**

Discovery may be obtained about any matter that is not privileged and that is both relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A court may compel responses to discovery if, for example, a party did not answer an interrogatory submitted under Rule 33, or a party did not respond under Rule 34. *Id*. 37(a)(3)(B).

Under Rule 34, a response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. *Id.* at 34(b)(2)(B). Under Rule 33, the grounds for objection must be stated with specificity. *Id*. at 33(b)(4). Failure to specifically state the reason for the objection constitutes waiver of the objection. *See Keycorp v. Holland*, No. 3:16-cv-1948-D, 2016 WL 6277813 at *1 (N.D. Tex. Oct. 26, 2016) (mem. op.) (holding boilerplate objections without specific explanations for the bases for the objections were improper and resulted in waiver of the unsupported

objections); *see also* Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment ("This provision . . . eliminat[es] any doubt that less specific objections might be suitable under Rule 34."); Fed. R. Civ. P. 33 advisory committee's note to 2007 amendment ("Paragraph (4) is added to make clear that . . . unstated or untimely grounds for objection ordinarily are waived."). Furthermore, if a party responding to a request for production objects, it must state whether any responsive materials are being withheld on the basis of that objection. *See* Fed. R. Civ. P. 34(b)(2)(C).

**B.     Requests for Production**

    **1.  Request Nos. 1, 2, and 10**

The Court should overrule Plaintiff's objections to Request Nos. 1, 2, and 10, which seek information about Plaintiff's damages and allegations:

> **REQUEST FOR PRODUCTION NO. 1.:** All documents, including Electronic Messages, relating to each and every item of damages that you are seeking in the Lawsuit, including actual damages, liquidated damages, punitive damages, mental anguish, attorneys' fees, costs of court, pre-judgment and post-judgment interest, and any other and further relief, as prayed for in the Complaint.
>
> **REQUEST FOR PRODUCTION NO. 2.:** All communications, including Electronic Messages, between you and any person (other than legal counsel) relating to the allegations in the Lawsuit.
>
> **REQUEST FOR PRODUCTION NO. 10.:** All profiles, postings, and messages (including without limitation status updates, wall comments, photographs posted on your profile(s), causes joined, groups joined, activity streams, blog entries, etc.) on any blog or social networking site (including, but not limited to, Facebook, Myspace, Twitter, Instagram, Snapchat, and LinkedIn) relating to your allegations in this Lawsuit.

Plaintiff objected to each request as overly broad, unduly burdensome, and lacking specificity, though she failed to specify any rationale for her objections. Ex. A ¶¶ 1, 2, and 10.

    Plaintiff's objections lack merit. The documents requested in Request No. 1 are vital to the evaluation and calculation of Plaintiff's damages, and the request is narrowly tailored to include

just the categories of damages Plaintiff set forth in her Complaint. Plaintiff is seeking recovery of more than $500,000 from Defendant. *See* Exhibit B at ¶ 2. Plaintiff's refusal to produce documents supporting her half-million dollar claim is improper, and Defendant is entitled to secure discovery of all documents relating to each item of damages she seeks to recover from Defendant.

The communications and documents sought in Request Nos. 2 and 10 are important to the identification of admissible evidence and witness testimony related to Plaintiff's claims of age and sex discrimination. The scope of each request is limited to the allegations set out in this lawsuit, and each request seeks a specific type of document—direct communications or social media/blog posts. Furthermore, Plaintiff has access to identify, obtain, and produce the documents and information sought here; Defendant does not. As such, the requests are not overly broad or unduly burdensome, and they adequately specify the documents or categories of documents sought.

Accordingly, the Court should overrule Plaintiff's objections and order her to produce all documents responsive to Request Nos. 1, 2, and 10.

### 2. Request Nos. 3 Through 5

The Court should overrule Plaintiff's objections to Request Nos. 3 through 5, which seek information about Plaintiff's efforts toward obtaining employment:

> **REQUEST FOR PRODUCTION NO. 3.:** All documents, including Electronic Messages, relating to your efforts to obtain employment from July 26, 2018 through the date of trial, including, but not limited to, all applications sent to any potential employers, all resumes sent to any potential employers, any offer letters or responses from any potential employers, all notes, memoranda, or other recordings of any meetings with any individuals or representatives of entities with whom you met for the purpose of seeking employment.
>
> **REQUEST FOR PRODUCTION NO. 4.:** Copies of all pages accessible to you on any website you have used for the purpose of seeking employment from July 26, 2018, through the date of trial, including, but not limited to, your profile, lists of employers with whom you have communicated, the dates you accessed such websites, and any record of jobs matching your qualifications and requirements.

**REQUEST FOR PRODUCTION NO. 5.:** All communications, including electronic communications, with any person through any and all online job-search platforms (e.g., Monster.com; Indeed.com; LinkedIn.com) concerning your efforts to seek employment since July 26, 2018, including, but not limited to, any communications contained within the online job-search platform's direct messaging system.

Plaintiff objected to the requests as overly broad, unduly burdensome, and lacking specificity, though without specifying any rationale for such objections. Ex. A ¶¶ 3–5.

Plaintiff's objections are meritless. Failure to mitigate is an affirmative defense on which Defendant bears the burden, and Defendant is therefore entitled to discovery to prove that defense. *See Mackey v. Children's Med. Ctr. of Dallas*, No. 3:05-CV-043-L, 2006 WL 2713788, at *20 (N.D. Tex. Sept. 22, 2006) (citing *Sellers v. Delgado Coll.*, 902 F.2d 1189, 1193 (5th Cir. 1990), *cert denied,* 489 U.S. 987 (1990)). The requests are narrowly tailored, seeking documents related only to Plaintiff's job search, applications, communications with potential employers, and other hiring resources following the termination of her employment. The requests do not constitute an undue burden on Plaintiff's resources, as Plaintiff was expected to keep similar work search records as part of her claim for unemployment benefits with the Texas Workforce Commission. Moreover, the requests merely seek the production of documents in Plaintiff's possession, custody, or control, and none of these requests would require anything more than a diligent search of Plaintiff's computer and her online job-search accounts. Moreover, the requests also describe the documents sought with reasonable particularity, even containing examples of relevant categories sufficient to provide Plaintiff with reasonable notice of what is requested.

Further, as previously addressed, Plaintiff has the ability to identify and access the documents identified in these requests. And, despite bearing the burden of proof on the defense to which they relate, Defendant has no other means of obtaining them.

Accordingly, the Court should overrule Plaintiff's objections and order her to produce all documents responsive to Request Nos. 3 through 5.

### 3. Request No. 17

The Court should overrule Plaintiff's objections to Request No. 17, which seeks documents identified by Plaintiff in response to Defendant's Interrogatories:

> **REQUEST FOR PRODUCTION NO. 17.:** All documents identified by you in response to Defendant's Interrogatories or which otherwise reflect information requested or consulted by you or your agents in connection with your responses to Defendant's Interrogatories.

Plaintiff objected to the request as overly broad and unduly burdensome, without specifying the rationale for such objections. Ex. A ¶ 17.

Plaintiff's objections are unsustainable. The request describes the documents requested with reasonable particularity. The documents identified by Plaintiff in her responses to Defendant's Interrogatories or that were requested or consulted in connection with those responses is a discrete set of documents known to Plaintiff and her agents. Additionally, access to the relevant information belongs exclusively to Plaintiff; Defendant cannot know, without Plaintiff's production, what documents were requested or consulted by Plaintiff or her agents in connection with her responses.

The Court should overrule Plaintiff's objections and order her to produce all documents responsive to Request No. 17.

### 4. Request Nos. 23 Through 26

The Court should overrule Plaintiff's objections to Request Nos. 23 through 26, which seek documents supporting Plaintiff's contentions as set forth in her Complaint:

> **REQUEST FOR PRODUCTION NO. 23.:** All documents, including Electronic Messages, evidencing or supporting your contention that "[a]ny reason Defendant

may offer for discharging [you] . . . is purely pretextual," as alleged in Paragraphs 19 and 27 of the Complaint.

**REQUEST FOR PRODUCTION NO. 24.:** All documents, including Electronic Messages, evidencing or supporting your contention that you were "discharged in violation of [the Age Discrimination in Employment Act of 1967]," as alleged in Paragraph 16 of the Complaint.

**REQUEST FOR PRODUCTION NO. 25.:** All documents, including Electronic Messages, evidencing or supporting your contention that "Defendant's conduct. . . constitutes a violation of 42 U.S.C.A. § 2000e," as alleged in Paragraph 25 of the Complaint.

**REQUEST FOR PRODUCTION NO. 26.:** All documents, including Electronic Messages, evidencing or supporting your contention that Dr. Watkins said you would receive "five weeks of unpaid leave," as alleged in Paragraph 8 of the Complaint.

Here again, Plaintiff objected to the requests on the grounds that they were overly broad, unduly burdensome, and lacking specificity, without identifying any rationale for such objections. Ex. A ¶¶ 23–26.

Plaintiff's objections are unsupportable. Each of these requests seeks documents expressly supporting specific assertions made by Plaintiff in her Complaint. Plaintiff chose to make each of these particular claims and cannot now shield herself from providing underlying evidentiary support, to the extent it exists, by claiming the requests are too broad, too burdensome, or too vague to be answered. Rather, the requests identify the documents sought with reasonable particularity and are narrowly tailored to seek only those documents evidencing or supporting each separate contention. Defendant could not be more specific in its requests than to ask Plaintiff to support her own claims quoting her own words as laid out in her own Complaint.

The Court should overrule Plaintiff's objections and order her to produce all documents responsive to Request Nos. 23–26.

5.     **Request No. 27**

The Court should overrule Plaintiff's objections to Request No. 27, which seeks documents related to work allegedly performed by her husband, Herb Kuter, for which Plaintiff paid him on behalf of Defendant:

> **REQUEST FOR PRODUCTION NO. 27.:** All documents, including Electronic Messages, relating to work performed by Herb Kuter for which he was compensated by Defendant, including, but not limited to, paystubs, invoices, tax forms, and work requests.

Plaintiff objected to this request as overly broad, unduly burdensome, and lacking specificity, without identifying the rationale for any such objections. Ex. A ¶ 27.

Plaintiff's objections are without merit. Plaintiff's employment with Defendant was terminated when Defendant learned she had improperly paid her husband significant sums over the course of several years. To the extent Plaintiff alleges these were legitimate payments for work completed by her husband for Defendant's benefit, Defendant is entitled to all documents concerning the work allegedly performed. The request therefore describes the documents sought with reasonable particularity, providing examples of relevant categories sufficient to provide Plaintiff notice of the type of documents Defendant seeks. The request is also narrowly tailored, seeking only documents related to work performed by one individual, Plaintiff's spouse, for the benefit of Defendant.

In a statement given to the Texas Workforce Commission on August 13, 2018, Plaintiff claimed that, using her authority as Defendant's office manager, she unilaterally made the decision to: (1) add Herb Kuter to the payroll as an employee; (2) issue him a paycheck every month; and (3) eventually change his payroll status to "inactive." *See* Exhibit E. Given her level of control over the process, it is reasonable to believe Plaintiff has documents responsive to this request within her possession, custody, or control.

The Court should overrule Plaintiff's objections and order her to produce all documents responsive to Request No. 27.

**C.    Interrogatories**

**1.    Interrogatory No. 2**

The Court should overrule Plaintiff's objection to Interrogatory No. 2, which seeks information related to Plaintiff's damages:

> **INTERROGATORY NO. 2:** Identify and quantify each and every item of damages that you are seeking in the Lawsuit, including for actual damages, liquidated damages, punitive damages, mental anguish, attorneys' fees, costs of court, pre-judgment and post-judgment interest, and any other and further relief, as prayed for in the Complaint.

Plaintiff objected to the interrogatory as overly broad because attorneys' fees and interest are not damages. Ex. B ¶ 2.

Plaintiff's objection is baseless. Attorneys' fees and interest *are* damages. *See, e.g.*, Damages, *Black's Law Dictionary* (11th ed. 2019) ("Money claimed by, or ordered to be paid to, a person as compensation for loss or injury."). Regardless of the definition of "damages," Defendant specifically identified attorneys' fees and interest as categories for which Plaintiff was to quantify the amount sought. Notably, Plaintiff herself expressly identified attorneys' fees and interest in the recitation of the damages she seeks in her Complaint.

Additionally, Plaintiff's partial response to Interrogatory No. 2 is substantially deficient. Plaintiff indicated, subject to her objection, that her "past lost bonuses" were "to be determined." Ex. B ¶ 2. Defendant terminated Plaintiff's employment in July 2018. Plaintiff is therefore able to calculate her past lost earnings, and Plaintiff should be compelled to quantify her claim for past lost bonuses. Moreover, just as her claim for future lost wages is calculated based on her prior lost wages, Plaintiff is similarly able to quantify the amount she seeks in future lost bonuses.

The Court should thus overrule Plaintiff's objection and order her to fully answer Interrogatory No. 2.

2. **Interrogatory No. 4**

The Court should order Plaintiff to fully answer Interrogatory No. 4, which seeks information related to Plaintiff's communications:

> **INTERROGATORY NO. 4:** Identify all persons with whom you have communicated about any allegation made by you in the Lawsuit.

Plaintiff identified Herb Kuter, Steven Stovall, Ben Stovall, her parents, and her mother-in-law. Ex. B ¶ 4. However, Plaintiff's answer did not properly identify the persons included in her response. The definition of "identify," with respect to a natural person, means the person's full name, present employer, present job title, job description, present business address, and present resident address (last known if present addresses are unknown). *See* Exhibit F. As such, Plaintiff has not provided a full and complete response to Interrogatory No. 4, and Plaintiff should be compelled to do so.

3. **Interrogatory Nos. 5, 6, and 8**

The Court should overrule Plaintiff's objections to Interrogatory Nos. 6 and 8 and order Plaintiff to fully answer Interrogatory Nos. 5, 6, and 8, which seek information about Plaintiff's search for employment:

> **INTERROGATORY NO. 5:** Describe in detail all actions you have taken to obtain employment or other work since July 25, 2018, including, but not limited to, the name of any job search website used, the identity of any recruiter or other job-search agent used, the identity of each potential employer or contractor contacted, the job or position sought, the date of each contact, and the result of each attempt (*e.g.*, interviewed, offered position, hired).
>
> **INTERROGATORY NO. 6:** Beginning July 26, 2018, *for each week* during which you were unemployed, state the following:
> a.  The number of hour spent searching for employment during each week. Note that if you are unable to precisely state the number of hours, please state a

      weekly estimate for each week, accounting for time off for doctor visits or other appointments and time away for vacation.
    b. The number of days in each week during which you searched for employment;
    c. The particular days of each week during which you searched for employment;
    d. The daily timeframe (e.g., 9AM-3PM) during which you searched for employment;
    e. The number of applications submitted during each week;
    f. The number of interviews you had during each week; and
    g. For any week in which you did not search for employment, the reason for such failure to search for employment.

**INTERROGATORY NO. 8:** Identify each online job-search website, application, or tool (including, but not limited to, Indeed.com, CareerBuilder.com, Dice.com, Glassdoor.com, Idealist.com, LinkedIn.com, Cralistlist.org, Facebook.com, LinkUp.com, Monster.com, and US.jobs) you have used since July 26, 2018, including:
    a. The name of each job-search website, application, or tool;
    b. The URL (i.e., web address) of each job-search website, application, or tool;
    c. The date you created your profile;
    d. The number of jobs searches conducted;
    e. The names of each employer contacted;
    f. The positions applied for with each employer;
    g. The location of each position applied for;
    h. The date of each application; and
    i. The daily timeframe (for example, 9AM to 3PM) in which you used the website, application, or tool.

Plaintiff objected to Interrogatory Nos. 6 and 8 as overly broad, unduly burdensome, and harassing, without providing a basis for the objections. Ex. B ¶¶ 6, 8.

Plaintiff cannot support these objections. The information requested in these interrogatories is necessary for to Defendant to prove its failure-to-mitigate defense. Defendant is entitled to seek discovery on this issue to determine whether Plaintiff searched for employment opportunities with reasonable diligence. Far from being overly broad, the interrogatories are narrowly tailored to seek detailed information related to Plaintiff's job search. Furthermore, Plaintiff has the access to identify and describe the information sought in the interrogatories; Defendant does not.

Additionally, Plaintiff's answers were incomplete. For example, Interrogatory No. 5 specifically asked Plaintiff to describe the result of each action taken to obtain employment and the result of each attempt. Plaintiff's answer did not contain any such information. Similarly, Interrogatory Nos. 6 and 8 asked Plaintiff to provide specific information about the daily timeframe dedicated to searching for employment, but Plaintiff ignored those requests. *See* Ex. B ¶¶ 5–6, 8.

The Court should overrule Plaintiff's objections and order Plaintiff to fully answer Interrogatory Nos. 5, 6, and 8.

**D.    Plaintiff Did Not Provide a Withholding Statement**

In addition to the other deficiencies in Plaintiff's responses to Defendants Discovery Requests, Plaintiff failed to state whether she is withholding any documents responsive to Defendant's requests for production based on her objections. Federal district courts in the Fifth Circuit have long required parties to "fully answer each discovery request, subject to any objections, and *affirmatively indicate whether any responsive information or documents have been withheld.*" *Cooper v. City of Dallas*, No. 3:04-CV-2407-H, 2006 WL 1983234, at *1 (N.D. Tex. July 17, 2006) (emphasis added); *see also, e.g., Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014) (same). Further, in 2015, an amendment to Fed. R. Civ. P. 34(b)(2)(C) codified that requirement, providing that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." The amendment's purpose was "end[ing] the confusion that frequently arises when a producing party states several objections and still produces information, leaving the responding party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Fed. R. Civ. P. 34 advisory committee's note to 2015 amendment. While the producing party need not "provide a detailed

description or log of all documents withheld," it must "alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection." *Id.*

Here, Plaintiff objected to almost every request for production and interrogatory served by Defendant. However, Plaintiff wholly failed to state whether she was withholding documents based on any of her objections. Because Plaintiff violated Fed. R. Civ. P. 34(b)(2)(C), the Court should order her to supplement her discovery responses within seven days and, for each objection asserted, state whether she is withholding documents based on that objection.

**E.     Defendant Is Entitled to Recover Its Attorneys' Fees**

Defendant asks the Court to order Plaintiff to pay reasonable expenses, including attorneys' fees, for her refusal to comply with her discovery obligations. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees"). The affidavit of Jacob A. Lewis in support of the reasonable expenses is attached hereto as Exhibit G.

### III. CONCLUSION

Defendant's Discovery Requests are within the scope of permissible discovery, proportional to the needs of the case, and the responsive documents and information are necessary for the fair and efficient resolution of the case. Plaintiff's responses to Defendant's Discovery Requests are insufficient and, to the extent her objections fail to specifically state the reason for the objection, they are waived.

Because Defendant's requests are proper and because Plaintiff has refused to comply with her discovery obligations, the Court should enter an order: (1) requiring Plaintiff to provide full and complete responses to Request for Production Nos. 1-5, 10, 14, 17, and 23-27 and

Interrogatory Nos. 2, 4-6, and 8; (2) compelling Plaintiff to produce all documents responsive to Request for Production Nos. 1-5, 10, 14, 17, and 23-27; (3) compelling Plaintiff to supplement its responses to Defendant's Requests for Production with appropriate withholding statements in compliance with Fed. R. Civ. P. 34(b)(2)(C); and (4) awarding Defendant its reasonable expenses, including attorneys' fees, and any other further relief to which Court determines it is entitled.

Respectfully submitted,

GRAY REED & McGRAW LLP

By: /s/ Jake A. Lewis
    RUTH ANN DANIELS
    State Bar No. 15109200
    rdaniels@grayreed.com
    JAKE A. LEWIS
    State Bar No. 24087924
    jlewis@grayreed.com

    1601 Elm Street, Suite 4600
    Dallas, Texas  75201
    Telephone:   214.954.4135
    Facsimile:    214.953.1332

**ATTORNEYS FOR DEFENDANT PEDIATRICIANS OF DALLAS, P.A.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on December 18th, 2020, counsel for Defendant, Jake A. Lewis, conferred with counsel for Plaintiff, Ronald R. Huff, and the parties were unable to resolve the issues presented in this opposed motion.

    /s/ Jake A. Lewis
    Jake A. Lewis

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 19, 2021, a true and correct copy of the foregoing document was served upon Plaintiffs' counsel of record via the Court's ECF system as follows:

Ronald R. Huff
112 South Crockett Street
Sherman, TX 75090
ronhuff@gcecisp.com

                                            */s/ Jake A. Lewis*
                                            Jake A. Lewis