IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH CAROL KUTER | § § | |
| vs. | § § | CIVIL ACTION NO. 3:20cv1980 |
| PEDIATRICIANS OF DALLAS, PA | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
TO COMPEL DISCOVERY (DKT#12)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Elizabeth Carol Kuter, Plaintiff in the above entitled and numbered cause, and files this response to Defendant Pediatricians of Dallas PA's Motion to Compel Discovery (dkt#12), and, in support thereof, would respectfully show the Court the following:

### I.  Summary of the Response

Defendant's motion is moot and groundless.

On or about December 18, 2020, the parties' respective counsel conferred and reached an agreement on certain discovery response of Plaintiff.  Correspondence memorializing the agreement is attached hereto as Exhibit A.

Subsequently, Plaintiff's counsel began experiencing symptoms of COVID-19 on December 24, 2020 and tested positive on December 28, 2020.  His legal assistant also began experiencing symptoms the week of December 18, 2020.  As a result, the office was essentially shut down. Defendant's counsel was apprised of this fact on or about December 31, 2020.  See Exhibit B, attached hereto.

Defendant filed its motion to compel on January 19, 2021.  Plaintiff was able to serve her amended responses to Defendant's interrogatories and requests for production on January 21, 2021

along with the signed Authorization for Release of Medical Records.[1] Plaintiff's amended responses are attached hereto as Exhibits C and D.

Defendant has not expressed any dissatisfaction with Plaintiff's amended discovery responses.

Defendant's Motion to Compel Discovery, therefore, has no merit and is groundless.

## II.  Additional Material Facts

The undersigned's uncle and aunt, Dr. Gene Huff and Gwen Huff both died of COVID-19 complications on January 7, 2021 and December 27, 2020, respectively, after 67 years of marriage.

The mother of the undersigned's legal assistant, Mrs. Sonja Hoffman, died from COVID-19 complications on January 7, 2021 after being admitted to hospital on December 29, 2020.

These tragic events contributed to the shut down of the office during this period.

## III. Argument

Plaintiff has amended her discovery response per the agreement without any comment from Defendant.  Defendant's motion is therefore moot.

Defendant should have apprised the Court that the issues have been resolved.

Defendant should have apprised the Court that Plaintiff's counsel and staff were afflicted with COVID-19.  Surely, Defendant was aware of the quarantine period.

Defendant represents to the Court that "[t] affidavit of Jacob A. Lewis in support of the reasonable expenses is attached hereto as Exhibit G."  PageID 74, paragraph E.

There is no Exhibit G attached to the motion.  In fact, there are only two exhibits attached, Exhibit A, Plaintiff's Responses and Objections to Defendant's First Request for Production, and Exhibit B, Plaintiff's Responses and Objections to Defendant's First Set of Written Interrogatories.

---

[1] Defendant failed to attach a proposed medical authorization to its original request for production.

Plaintiff respectfully urges that Defendant's Motion to Compel Discovery be in all things denied.

### IV. Plaintiff Is Entitled to Recover Her Attorney's Fees

Defendant's Motion to Compel Discovery is groundless. The parties reached an agreement on Plaintiff's responses.

Plaintiff served the amended responses to Defendant on January 21, 2021. Defendant has not indicated any issue with the amendments.

Defendant knew before it filed its motion that Plaintiff's counsel and staff had been afflicted with COVID-19. Defendant certainly should have known this would cause some delay in the undersigned's ability to compete the amendments.

Defendant should have apprised the Court when it received Plaintiff's amendments and withdrawn its Motion to Compel Discovery. If Defendant had any issues with Plaintiff's amendments it should have made an effort to discuss these issues with opposing counsel.

Unfortunately, this conduct is illustrative of the lack of collegiality in the profession. Mentoring is severely lacking or nonexistent in some legal organizations.

Plaintiff respectfully urges that, after an opportunity to be heard, she be awarded reasonable costs and attorney's fees incurred in responding to Defendant's groundless motion.

### V. Conclusion

Plaintiff respectfully urges the Court deny Defendant's motion to compel discovery as moot and groundless.

Plaintiff further requests the Court award her reasonable and necessary costs and attorney's fees incurred in responding to Defendant's moot and groundless motion.

**WHEREFORE, PREMISES CONSIDERED**, the above the Plaintiff respectfully requests the Court deny Defendant's motion to compel discovery (dkt#12), Plaintiff be awarded reasonable costs and attorney's fees, and for such other and further relief, at law or in equity, to which she may justly be entitled.

    Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com

/s/   Ronald R. Huff_____
Ronald R. Huff (SBN 10185050)

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 3, 2021, a true and correct copy of the foregoing was forwarded in accordance with the Federal Rules of Civil Procedure to:

Ruth Ann Daniels
Jake A. Lewis
Gray Reed & McGraw LLP
1601 Elm Street, Suite 4600
Dallas, Texas 75201

    _/s/ Ronald R. Huff_____
    Ronald R. Huff