IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH CAROL KUTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-01980 |
| | § | |
| PEDIATRICIANS OF DALLAS, P.A., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT PEDIATRICIANS OF DALLAS, P.A.'S**
**REPLY IN SUPPORT OF ITS MOTION TO COMPEL DISCOVERY**

Defendant Pediatricians of Dallas, P.A. ("Defendant") files this Reply in support of Defendant's Motion to Compel Discovery against Plaintiff Elizabeth Carol Kuter ("Plaintiff") and would show the Court as follows:

## I.  BACKGROUND

**A. Discovery Responses**

On December 17, 2020, Defendant sent Plaintiff a copy of its Motion to Compel Discovery (the "Motion") via e-mail, requesting a conference to discuss Plaintiff's deficient responses to Defendant's Discovery Requests.

On December 18, 2020, the parties conferred regarding Plaintiff's deficient responses wherein Plaintiff agreed to supplement her responses to Defendant's Discovery Requests and produce additional responsive documents by January 15, 2021.

In exchange for Defendant providing Plaintiff with nearly a month to supplement Plaintiff's responses and to produce additional responsive documents, Plaintiff agreed to provide Defendant with an executed Authorization for Release of Personal Health Information (the "Authorization") early in the week following the call so that Defendant could secure relevant

medical records prior to Plaintiff's deposition then-scheduled for early February.[1] This conference and agreement were memorialized in an email. *See* Exhibit A.

Plaintiff failed to supplement her Responses or produce additional responsive documents by Friday, January 15, 2021, as she had promised. Accordingly, Defendant filed its Motion on January 19, 2021.

Defendant received a signed Authorization on January 21, 2021, only two weeks before Plaintiff's deposition.[2] Plaintiff served her *First Amended Response and Objections to Defendant's Request for Production* and *First Amended Answers and Objections to Defendant's Interrogatories* on January 21, 2021. Plaintiff's production of additional responsive documents was shown as delivered on January 23, 2021.[3]

Plaintiff filed her *Response to Defendant's Motion to Compel* (the "Response") on February 3, 2021.

## B. COVID-19's Impact

Upon reading the Response, Defendant was, of course, deeply saddened to learn that both Mr. Huff and Ms. Hoffman lost close relatives. Defendant and its counsel are certainly sensitive to the challenges that arise from practicing law and managing litigation during a global pandemic. As such, Defendant found Plaintiff's characterization of professional collegiality were disheartening, particularly as they were first expressed to the Court, not Defendant. Although not relevant to the matter before the Court, Defendant feels it necessary to clarify, for the record, what it knew and when regarding the impact of COVID-19 on discovery in this case.

---

[1] The Authorization was sent to Plaintiff's counsel on December 21, 2020 with the understanding that Plaintiff would execute the Authorization that same week.
[2] The delayed Authorization forced Defendant to cancel Plaintiff's February 4, 2021 deposition on February 2, 2021 because it did not expect to receive Plaintiff's subpoenaed medical records in time.
[3] On February 4, 2021, Defendant notified Plaintiff that it did not receive Plaintiff's supplemental production. Plaintiff confirmed delivery with USPS. However, Plaintiff immediately sent, and Defendant received, production electronically. *See* Exhibit B.

Plaintiff states that "Defendant should have apprised the Court that Plaintiff's counsel and staff were afflicted with COVID-19. Surely, Defendant was aware of the quarantine period." Response at 2. Plaintiff goes on to allege that, "Defendant knew before it filed its motion that Plaintiff's counsel and staff had been afflicted with COVID-19." *Id*. at 3. However, as noted above, Defendant provided Plaintiff with an Authorization on December 21, 2020 and expected it to be signed early that same week. On December 28, 2020, Defendant followed up and again requested the signed Authorization. *See* Exhibit C. Plaintiff responded three days later on December 31, 2020, stating that the office was closed due to "diagnoses," that "Mr. Huff was quarantined," and that "[w]e will get back to you regarding the authorization on his return." Exhibit C. That December 31, 2020 response constitutes *the entirety* of the information conveyed to Defendant concerning COVID-19's effect on Plaintiff's counsel's operations. Notably, in the more than two weeks between that date and the agreed deadline for supplementation, Plaintiff's counsel made no attempt to seek an extension of the deadline.

Defendant *is* aware of the isolation period recommended by the Centers for Disease Control and Prevention (CDC).[4] What Defendant's counsel was *not* aware of was the fact that Mr. Huff had himself been diagnosed with COVID-19, much less when he received the diagnosis, whether he was experiencing any symptoms or able to work during the quarantine period. Without this information, Defendant's counsel was left to guess as to when it might expect to receive the executed Authorization.

---

[4] Defendant respectfully asks the Court to take judicial notice of the following: Current CDC guidance recommends individuals who test positive for COVID-19 isolate for at least 10 days from the first appearance of symptoms and at least 24 hours with no fever without fever-reducing medication. For individuals who test positive for COVID-19, CDC guidance recommends they isolate for at least 10 days since the date of their positive test. CTRS. FOR DISEASE CONTROL, *Isolate If You Are Sick*, https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/isolation.html (last updated Jan. 7, 2021).

Defendant followed up on multiple occasions in an effort to ascertain when Defendant might receive Plaintiff's executed Authorization, whether Plaintiff would be able to meet the deadline to amend her discovery responses and produce additional responsive documents, and to discuss rescheduling the deposition. *See* Exhibit D; Exhibit E.

On January 18, 2021—eighteen days from the earliest possible date Defendant's counsel could have known Plaintiff's counsel had COVID-19 and well beyond the CDC's recommended isolation period—Defendant contacted Plaintiff to request a status update, or else would need to move forward with filing the Motion, a copy of which Plaintiff had had for more than a month. *See* Exhibit F. This prompted a response from Plaintiff, who suggested revisions to the Authorization but did not address having failed to meet the agreed supplementation deadline. Defendant made the revisions, returned the Authorization with Plaintiff's requested changes, and reminded Plaintiff that the deadline to supplement her responses and make additional production had expired. *See* Exhibit G. Defendant stated that, absent receipt of Plaintiff's supplemental responses and document production, Defendant would proceed with filing the Motion the following day. *Id*. Plaintiff did not respond.

Defendant made numerous attempts to communicate with Plaintiff and determine whether the office closure and quarantine would impact the agreed discovery timeline. Defendant's counsel would have gladly revised deadlines to accommodate Plaintiff's counsel. Yet for nearly a month, Defendant received no communication from Plaintiff. Additionally, Defendant must emphasize that this entire process was necessary only because Plaintiff's initial responses and production were woefully deficient.

## II.  ARGUMENT

### A.  Defendant's Motion Is Not Moot or Groundless

The Motion addressed specific deficiencies with Plaintiff's discovery responses and production, many of which have yet to be rectified. Defendant's Motion is not groundless simply because Plaintiff served supplemental responses and produced additional documents, nor is it moot because Defendant did not offer "comment" on the same. Response at 2.

Plaintiff contends that if Defendant took issue with Plaintiff's amendments, it should have made an effort to discuss these issues with opposing counsel. *Id*. at 3. The reality is that Plaintiff has known since December 17, 2020—when Defendant first shared its draft of the Motion—what the deficiencies in its discovery responses and document production are. Plaintiff acknowledged the same when she agreed to supplement her responses and answers and produce additional responsive documents. *See* Ex. A. Since then, the parties have conferred and Defendant has sent numerous communications attempting to discuss Plaintiff's plans to supplement discovery. Moreover, Plaintiff had more than enough time to ensure its amended responses and additional production addressed each of Defendant's concerns as stated in the Motion, particularly as the Motion was filed a week before Plaintiff's belated supplementation. Yet, as fully explored in the Motion and highlighted below, several issues remain unaddressed.

### B.  Requests for Production

#### 1.  Request Nos. 3 Through 5

Plaintiff failed to fully supplement her responses to Request Nos. 3 through 5. Significantly, Plaintiff has the ability to identify and access the documents sought by these Requests. And, despite bearing the burden of proof on the defense to which they relate, Defendant has no other means of obtaining them. During parties' December 18, 2020 conference, Plaintiff

agreed to supplement her responses to Request Nos. 3-5 and produce additional responsive documents. *See* Ex. A. The Court should overrule Plaintiff's objections and order her to produce all documents responsive to Request Nos. 3 through 5.

## C. Interrogatories

### 1. Interrogatory No. 2

Plaintiff failed to supplement Interrogatory No. 2. During parties' December 18, 2020 conference, Plaintiff agreed to supplement her answer to Interrogatory No. 2. *See* Ex. A. The Court should overrule Plaintiff's objection and order her to fully answer Interrogatory No. 2.

### 2. Interrogatory No. 5

Plaintiff failed to fully answer Interrogatory No. 5. For example, the Interrogatory specifically asked Plaintiff to identify the potential employer contacted, the job or position sought, and to describe the result of each action taken to obtain employment and the result of each attempt. Neither Plaintiff's answer nor supplemental answer contained such information. During parties' December 18, 2020 conference, Plaintiff agreed to supplement her answer to Interrogatory No. 5. *See* Ex. A The Court should order Plaintiff to fully answer Interrogatory No. 5.

## D. Plaintiff Did Not Provide a Withholding Statement

Plaintiff failed to state whether she is withholding any documents responsive to Defendant's requests for production based on her objections in violation of Fed. R. Civ. P. 34(b)(2)(C). During parties' December 18, 2020 conference, to the extent any documents are being withheld on the basis of an objection, Plaintiff agreed to provide a withholding statement indicating as such. For each objection asserted, the Court should order Plaintiff to state whether she is withholding documents based on that objection.

### III.  CONCLUSION

Defendants' Discovery Requests are within the scope of permissible discovery and proportional to the needs of the case, and the responsive documents and information sought are necessary for the fair and efficient resolution of the case. Plaintiff's responses and supplements to Defendants' Discovery Requests are insufficient and, to the extent her objections fail to specifically state the reason for the objection, they are waived. Defendant respectfully requests the Court: (1) enter an order requiring Plaintiff to provide full and complete responses to Request for Production Nos. 3-5 and Interrogatory Nos. 2 and 5; (2) compelling Plaintiff to produce all documents responsive to its Request for Production Nos. 3-5; (3) compelling Plaintiff to supplements its responses with appropriate withholding statements; (4) denying Plaintiff's request for attorneys' fees; and (5) awarding Defendant its reasonable expenses and any other further relief to which the Court determines it is entitled.

Respectfully submitted,

GRAY REED & McGRAW LLP

By: */s/ Jake A. Lewis*
RUTH ANN DANIELS
State Bar No. 15109200
rdaniels@grayreed.com
JAKE A. LEWIS
State Bar No. 24087924
jlewis@grayreed.com

1601 Elm Street, Suite 4600
Dallas, Texas  75201
Telephone:    214.954.4135
Facsimile:     214.953.1332

**ATTORNEYS FOR DEFENDANT PEDIATRICIANS OF DALLAS, P.A.**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on February 16, 2021, a true and correct copy of the foregoing document was served upon Plaintiffs' counsel of record via the Court's ECF system as follows:

Ronald R. Huff
112 South Crockett Street
Sherman, TX 75090
ronhuff@gcecisp.com

                                               */s/ Jake A. Lewis*
                                               Jake A. Lewis