IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ELIZABETH CAROL KUTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-1980-N |
| | § | |
| PEDIATRICIANS OF DALLAS PA, | § | |
| | § | |
| Defendant. | § | |

# ORDER

This Order addresses Defendant Pediatricians of Dallas, P.A.'s ("Pediatricians") motion to compel discovery. Because Plaintiff Elizabeth Carol Kuter failed to substantively respond to the motion, the Court in large part grants the motion and orders Kuter to, within thirty (30) days of this Order, (1) provide full and complete responses to RFP Nos. 3–5 and Interrogatory Nos. 2 and 5 and (2) supplement her responses with appropriate withholding statements in compliance with Federal Rule of Civil Procedure 34(b)(2)(C). The Court denies both parties' requests for attorneys' fees.

## I. Origins of the Motion

This is an employment discrimination case. Kuter alleges that Pediatricians' decision to fire her was a result of age and race discrimination. Pediatricians objected to Kuter's responses to its first discovery requests. Kuter agreed to supplement her responses by January 15, 2021. Because of COVID-19's impact on Kuter's counsel, no response was served by the agreed upon date. Because Kuter did not supplement her response by the agreed upon date, Pediatricians filed this motion to compel.

ORDER – PAGE 1

### I. LEGAL STANDARD FOR MOTIONS TO COMPEL

Rule 37(a) of the Federal Rules of Civil Procedure governs motions to compel discovery. Specifically, a party seeking discovery may move for an order compelling an answer or production when a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents as requested under Rule 34. FED. R. CIV. P. 37(a)(3)(B). An evasive or incomplete response must be treated as a failure to disclose, answer, or respond. FED. R. CIV. P. 37(a)(4). "A party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection." *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4682-D, 2016 WL 1392332, at *3 (N.D. Tex. Apr. 8, 2016).

### II. THE COURT GRANTS THE MOTION TO COMPEL

In response to Pediatrician's motion to compel, Kuter argues that the motion is moot because Kuter supplemented her responses after the filing of the motion. Kuter also seeks attorneys' fees for the allegedly groundless motion. However, Kuter did not otherwise respond to the substantive concerns raised by Pediatricians. Here, Pediatricians argue that the motion is neither moot nor groundless. The Court agrees. Supplemental responses do not necessarily moot a motion to compel. *See, e.g.*, *Streety v. Univ. of Tex. at Arlington*, No. 4:09-CV-012-Y, 2010 WL 11619399, at *3 (N.D. Tex. May 3, 2010) (ruling on motion to compel despite supplemental responses to discovery request). In cases where a party's supplemental responses fail to adequately address the movant's concerns, the movant may continue to pursue relief through the Court.

After Kuter responded to this motion to compel, Pediatricians appear to have limited the scope of their discovery request to RFP Nos. 3–5 and Interrogatory Nos. 2 and 5. RFPs Nos. 3–5 relate to Kuter's attempts to obtain employment. Interrogatory Nos. 2 and 5 relate to the amount of damages sought by Kuter and her attempts to obtain employment. The information sought through these discovery requests is relevant to Kuter's claims and is proportionate to the needs of this case. Moreover, Kuter has waived her objections by failing to substantively respond. Accordingly, the Court orders Kuter to (1) respond fully to RFP Nos. 3–5 and Interrogatory Nos. 2 and 5 and (2) supplement her responses with appropriate withholding statements in compliance with Federal Rule of Civil Procedure 34(b)(2)(C).

The Court turns to the issue of attorneys' fees. Here, both parties seek reasonable attorneys' fees for the costs incurred by this discovery dispute. The Court denies both requests. Pediatricians' filing of this motion was reasonable under the circumstances, as was Kuter's delay in supplementing her discovery response. Any costs incurred by the parties in this discovery dispute are attributable not to opposing counsel, but unforeseen circumstances arising from the COVID-19 pandemic. Accordingly, the Court denies both requests for attorneys' fees.

## Conclusion

The Court grants the motion to compel in part and orders Kuter to, within thirty (30) days of this Order, (1) respond fully to RFP Nos. 3–5 and Interrogatory Nos. 2 and 5 and (2) supplement her responses with appropriate withholding statements in compliance with Rule 34(b)(2)(C). The Court denies both parties' requests for attorneys' fees.

ORDER – PAGE 3

Signed March 23, 2021.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 4